William Graham, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Walder,* with him *William W. Shimer, Jr.,* and *Harvey F. Strauss,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 11, 1979:

The appellant, William Graham, Jr., appeals here from the denial of unemployment compensation benefits by the Bureau of Employment Security, by the referee and on appeal by the Unemployment Compen-

sation Board of Review. All found that his employment had been terminated on the basis of willful misconduct and that he was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

On February 22, 1977, at approximately 11:45 A.M., the appellant was advised by his supervisor to remove his truck from the place on company property where he had parked it and was threatened with dismissal if this direction was not followed. He then went to lunch, and, upon returning at 12:30 P.M., again parked on the company property instead of in his assigned parking lot. He was accordingly discharged.

It is clear that this appellant violated the employer's rule after a specific warning by his supervisor. It is equally clear that, when an employer articulates a reasonable rule and an employe knowingly and willfully violates that rule without good cause, such conduct constitutes willful misconduct under the law. *Troyen v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978). The appellant argues that he was not given an opportunity to respond and explain to his employer that he had "good cause" to park in the company lot because he had a valuable motor in the back of his truck.[2] The concept of "good cause," however, as set forth in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), requires that the action of the employe be justifiable or reasonable under the circumstances, yet the findings of fact in this case not only do not establish good cause for an intentional violation of company policy but

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The record indicates that he could and should have parked his truck on the employe lot which was less than ½ mile from the employer's premises.

rather evidence a deliberate violation of the employer's rule which is willful misconduct as a matter of law.

We therefore affirm the order of the Board.

ORDER

AND Now, this 11th day of June, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.